STATE OF NORTH CAROLINA v. HARLAN WILSON

No. 688SC437

(Filed 11 December 1968)

**1. Criminal Law § 154— dismissal of appeal**

Aside from the motion of the Attorney General the Court of Appeals may *ex mero motu* dismiss an appeal for failure to comply with the rules of practice of the Court. Rule of Practice in the Court of Appeals No. 48.

**2. Criminal Law § 154— case on appeal — failure to comply with Rule 19 (d) (2)**

Where the record in a criminal appeal fails to indicate that the evidence in the case is submitted upon the reporter's transcript, or that the solicitor agreed to the correctness of the reporter's transcript, or that the transcript was settled by the trial tribunal, the appeal is subject to dismissal either *ex mero motu* or upon motion of the Attorney General. Rule of Practice in the Court of Appeals No. 19(d)(2).

**3. Criminal Law §§ 161, 166— necessity for exceptions and assignments of error — the brief**

Criminal appeal is subject to dismissal either *ex mero motu* or upon motion of the Attorney General where (1) no exceptions are grouped and assigned as error as required by Rule 19(c), (2) the assignments of error listed in the record on appeal are not based upon exceptions duly entered as required by Rule 21 of the Court of Appeals, and (3) appellant's brief does not set out the exceptions and assignments of error in the manner required by Rule 28.

APPEAL by defendant from *Burgwyn, J.,* 19 August 1968 Session, LENOIR Superior Court.

Defendant was originally charged in a warrant with the offense of operating a motor vehicle on 11 May 1968 upon the public roads while under the influence of intoxicating liquor. The case was originally scheduled for trial in the Lenoir County Recorder's Court, but, upon defendant's request for a trial by jury, the case was transferred

to the Superior Court. In the Lenoir County Superior Court defendant was tried upon a bill of indictment charging him with the offense of operating a motor vehicle upon the public roads while under the influence of intoxicating liquor. The jury returned a verdict of guilty as charged, and from the verdict and judgment entered thereon defendant appealed.

*T. W. Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Mercer, Thigpen & Mercer, by Ella Rose Thigpen, for the defendant.*

BROCK, J.

[1]    Before argument in this Court the Attorney General filed a motion to dismiss the appeal upon the grounds that defendant had failed in several respects to comply with the rules of practice in this Court. Aside from the motion of the Attorney General the Court may *ex mero motu* dismiss an appeal for failure to comply with the rules. Rule 48, Rules of Practice in the Court of Appeals of North Carolina; *Carter v. Board of Alcoholic Control,* No. 519, Fall Term 1968, N. C. Supreme Court, filed 20 November 1968; *State v. Farrell,* No. 683SC433, Fall Session 1968, N. C. Court of Appeals, filed 11 December 1968.

[2]    The index on the front sheet of the record on appeal lists as one of the items contained therein "State's Evidence." The State's evidence is that of the testimony of only one witness, the arresting officer. Much of his testimony is narrated, and nowhere does the record indicate that the evidence in the case is submitted upon the reporter's transcript under Rule 19(d)(2), nor is there any indication that the solicitor agreed to the correctness of the reporter's transcript, or that it was settled by the trial tribunal, as required by Rule 19(d)(2). This Court became aware of the reporter's transcript only because occasionally in the narration of the testimony, a reference was inserted in parenthesis, for example as follows: "(T p 6)."

[3]    Further, neither the transcript nor the mimeographed portion of the record on appeal contains any exceptions, and it follows that no exceptions are grouped and assigned as error as required by Rule 19(c). The mimeographed portion of the record on appeal lists nineteen assignments of error, but none of these assignments of error are based upon exceptions duly entered as required by Rule 21. Appellant's brief does not contain, properly numbered, the several

grounds of exception and assignment of error with reference to the pages of the record on appeal as required by Rule 28.

For the foregoing reasons this appeal should be dismissed either *ex mero motu* or upon the motion of the Attorney General. Nevertheless, in an effort to determine that justice has been done, we have reviewed the arguments advanced in defendant's brief and we find no prejudicial error.

No error.

BRITT and PARKER, JJ., concur.